IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**BILLY JEAN MAESTAS,**

    **Plaintiff,**

**v.**                                                                                                                  **No. 16-cv-0213 SMV**

**NANCY A. BERRYHILL,[1]**
**Acting Commissioner of Social Security Administration,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand [Doc. 16] ("Motion"), filed on July 25, 2016. The Commissioner responded on October 17, 2016. [Doc. 20]. Plaintiff replied on October 28, 2016. [Doc. 21]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 10]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Administrative Law Judge ("ALJ") erred in evaluating the opinion of consultative examiner Dr. Kenney. Accordingly, the Motion will be granted, and the case will be remanded for further proceedings. *See* 42 U.S.C. § 405(g) (sentence four).

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision[2] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted). Courts must meticulously review the entire record but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

---

[2] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. § 404.981. The Tenth Circuit, however, has held that in some situations, a court must consider evidence beyond that which was before the ALJ. *See Martinez v. Barnhart*, 444 F.3d 1201, 1207−08 (10th Cir. 2006); *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994). Pursuant to 20 C.F.R. § 404.970(b), any new and material evidence that relates to the period on or before the date of the ALJ's decision shall be considered by the Appeals Council in determining whether to review the ALJ's decision. If the Appeals Council denies review, the ALJ's decision becomes the Commissioner's final decision. *O'Dell*, 44 F.3d at 858 (citing 20 C.F.R. § 404.981). Because a court reviews the final decision based on "the record as a whole," it will consider the evidence that was before the ALJ as well as the new and material evidence that was before the Appeals Council. *Id.* (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)). A court reviews the Commissioner's decision, which is the ALJ's decision and not the Appeals Council's denial of review. *See id.* Considering all of the evidence in the administrative record, a court decides whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Maes*, 522 F.3d at 1096. Accordingly, here, the Court reviews the ALJ's decision considering the entire record, including the evidence accepted by the Appeals Council and added to the record. Tr. 2, 6, 741–61. (The Court does not consider the evidence submitted to, but rejected by, the Appeals Council and not added to the record. Tr. 2, 8–68, 76–80, 83−87.)

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118.  The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.*  While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

### Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process.  20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).  At the first four steps of the evaluation process, the claimant must show: (1) she is not engaged in "substantial gainful activity"; *and* (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected

to last for at least one year; *and* (3) her impairment(s) either meet or equal one of the Listings[3] of presumptively disabling impairments; *or* (4) she is unable to perform her "past relevant work." 20 C.F.R. § 404.1520(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261.  If she cannot show that her impairment meets or equals a Listing, but she proves that she is unable to perform her "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering her residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

## Procedural Background

Plaintiff applied for a period of disability and disability insurance benefits on October 20, 2011.  Tr. 91.  She alleged a disability-onset date of October 22, 2010.  *Id.*  Her claims were denied initially and on reconsideration.  *Id.*  Plaintiff requested a hearing before an ALJ.  *Id.*  ALJ Donna Montano held a hearing by videoconference on March 5, 2014.  *Id.*  Plaintiff appeared with her former attorney.  The ALJ heard testimony from Plaintiff and from an impartial vocational expert, Evelyn R. Hartman.  Tr. 91, 107–144.

The ALJ issued her unfavorable decision on August 22, 2014.  Tr. 91–102.  She found that Plaintiff met the insured status requirements through December 31, 2015.  Tr. 93.  At step one, she found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date.  *Id.*  Because Plaintiff had not engaged in substantial gainful activity for at least 12 months, the ALJ proceeded to step two.  *Id.*  There, she found that Plaintiff suffered from the following severe impairments: "obesity, inflammatory arthritis rule out Rheumatoid Arthritis

---

[3] 20 C.F.R. pt. 404, subpt. P, app. 1.

(RA), psoriasis, abdominal hernia, right shoulder impingement with a full range of motion[.]" Tr. 93–94.  At step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing.  Tr. 94.

Because none of Plaintiff's impairments met or medically equaled a Listing, the ALJ went on to assess Plaintiff's RFC.  Tr. 94–96.  Initially, the ALJ found that "[Plaintiff] has the [RFC] to perform the full range of light work as defined in 20 [C.F.R. §] 404.1567(b)."  Tr. 94.  Confusingly, though, later in the decision, the ALJ refers three times to Plaintiff's RFC as a "reduced range of light work."  Tr. 96.  At step four, the ALJ found that Plaintiff was able to perform all of her past relevant work (as an employer interviewer, retail security guard, and as a mental retardation aide).  Tr. 96–97.  However, as is explicitly listed in the ALJ's decision, work as a mental retardation aide is classified as requiring medium exertion.  Tr. 96.  Of course, as Defendant concedes, medium exertion is more than (and thus would be precluded by a restriction to) either light work or a reduced range of light work.  In any event, the ALJ ultimately found that Plaintiff had not been under a disability, as defined by the Act, during the relevant time period, and she denied the claims.  *Id.*

After the ALJ denied the claims, Plaintiff submitted additional evidence to the Appeals Council.  *See* Tr. 2.  Some of the evidence pre-dated the ALJ's decision, and other evidence post-dated it.  The Appeals Council accepted the pre-decision evidence and made it part of the record.  Tr. 2, 741–61.  The Appeals Council considered it but found that it "[did] not provide a basis for changing the [ALJ]'s decision."  *Id.*  On the other hand, the evidence that post-dated the ALJ's decision was not made part of the record, and the Appeals Council did not consider it.

Tr. 2, 8–68, 76–80, 83–87. The Appeals Council found that the "new information [was] about a later time[, and therefore did] not affect the [ALJ's decision]." Tr. 2. Remaining unpersuaded, the Appeals Council denied Plaintiff's request for review on February 25, 2016. Tr. 1−6. Plaintiff timely filed the instant action on March 22, 2016. [Doc. 1].

## Analysis

The Court finds that the RFC assessed by the ALJ cannot be squared with the report of consultative examiner, Kenneth Kenney, Ph.D. The ALJ failed to explain why she (apparently) rejected Dr. Kenney's opinion. Remand is warranted to revisit the RFC and Dr. Kenney's opinion. Plaintiff makes several other challenges to the ALJ's decision, but the Court declines to pass on them at this time. The other alleged errors may be made moot by re-evaluation of Dr. Kenney's opinion and by consideration of the evidence rejected by the Appeals Council, if Plaintiff elects to re-submit it on remand.[4]

Although ALJs need not discuss every piece of evidence, they are required to discuss the weight assigned to each medical source opinion. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) (citing 20 C.F.R. §§ 404.1527(e)(2)(ii), 416.927(e)(2)(ii)). Specifically, when assessing a plaintiff's RFC, an ALJ must explain what weight she assigns to each opinion and why. SSR 96-5p, 1996 WL 374183, at *5 (July 2, 1996). "[T]here is no requirement in the

---

[4] In this Memorandum Opinion and Order, the Court is passing on the merits and reversing the ALJ's decision, which is authorized by § 405(g)(sentence four). Consequently, it does not appear that the Court has authority to simultaneously also pass on Plaintiff's claim that certain new and material evidence should have been incorporated into the record; such a remand would be authorized by § 405(g)(sentence six). *See Vallejo v. Berryhill*, 849 F.3d 951, ___ (10th Cir. 2017) (discussing sentence-four and sentence-six remands as mutually exclusive). The Court elects the sentence-four remand in order to remedy the ALJ's error. It does not appear that this sentence-four remand will foreclose Plaintiff's ability to seek admission of the currently excluded evidence on remand. *See generally Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004) (discussing the interplay of judicial review and new evidence).

regulations for a direct correspondence between an RFC finding and a specific medical opinion on [a specific] functional capacity . . . because the ALJ, not a physician, is charged with determining a claimant's RFC from the medical record." *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) (alteration and internal quotation marks omitted)); *see Wells v. Colvin*, 727 F.3d 1061, 1071 (10th Cir. 2013) (same).  Nevertheless, "[a]n ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." *Chapo*, 682 F.3d at 1292 (internal brackets omitted) (quoting *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007)).  ALJs are required to weigh medical source opinions and to provide "appropriate *explanations* for accepting or rejecting such opinions." SSR 96-5p, 1996 WL 374183, at *5 (emphasis added); *see Keyes-Zachary,* 695 F.3d at 1161 (same) (citing 20 C.F.R. §§ 404.1527(e)(2)(ii), 416.927(e)(2)(ii)).  "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p, 1996 SSR LEXIS 5, at *20, 1996 WL 374184, at *7.

In this case, Dr. Kenney evaluated Plaintiff and diagnosed her with dysthymic disorder and generalized anxiety disorder.  Tr. 396.  He assessed her global assessment of functioning ("GAF") score as 45–50.[5]  *Id.*  A GAF score of 41–50 indicates "**[s]erious symptoms** (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) **OR any serious impairment in social, occupational, or school functioning** (e.g., no friends, unable to keep a job)." *Id*. (emphases in original).  Further, Dr. Kenney noted in the "Prognosis" section of his report that "[Plaintiff] experiences serious levels of depression and anxiety, although she is not being

---

[5] A GAF score is a clinician's determination on a scale of 1 to 100 of an individual's overall level of functioning. *Am. Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders* 34 (4th ed. 2010).

treated for them. . . . She may be able to obtain some relief from her depression and anxiety if she can obtain adequate counseling and medication." *Id.* In the "Functional Assessment" section, Dr. Kenney opined that "[Plaintiff] can persist at tasks and get them completed if she has sufficient time." *Id.*

Despite these portions of Dr. Kenney's report, the ALJ assessed no mental restrictions in the RFC and failed to explain why not. In discussing the RFC assessment, the ALJ did not comment on Plaintiff's depression. She mentioned Dr. Kenney's report only in relation to Plaintiff's physical health (e.g., she was not using any assistive device to ambulate at the consultative examination, she told Dr. Kenney that her medical conditions were generally controlled with medication). Tr. 93–96. Nowhere in the decision did the ALJ discuss Plaintiff's anxiety disorder. *See* Tr. 91–97. It is, therefore, unclear to the Court what weight, if any, the ALJ accorded Dr. Kenney's report. More to the point, it is unclear why the ALJ did not assess any mental limitations at all.

Defendant cites to portions of the medical record that she believes could support a rejection of Dr. Kenney's opinion. [Doc. 20] at 15. Plaintiff disputes that these records undermine Dr. Kenney's opinion. [Doc. 21] at 3–4. Regardless, though, the Court may not consider Defendant's post-hoc rationalization. *See Haga*, 482 F.3d at 1207–08 (holding the "court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself").

## Conclusion

Remand is necessary for reevaluation of the RFC assessment and for findings on Dr. Kenney's opinion. The Court declines to address the other errors alleged by Plaintiff at this time because they may become moot on reevaluation of Dr. Kenney's opinion and on consideration of the evidence rejected by the Appeals Council, if Plaintiff elects to re-submit it on remand.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand [Doc. 16] is **GRANTED**. The Commissioner's final decision is reversed, and this case is remanded for further proceedings in accordance with this opinion.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**